**UNITED STATES of America,
Plaintiff,**

v.

**Ricardo BARRAZA, Defendant.**

**No. 94CR0074R.**

United States District Court,
S.D. California.

May 17, 2004.

Carol C. Lam, United States Attorney, Sherri Walker Hobson, Assistant United

States Attorney, San Diego, CA, for Plaintiff.

Ricardo M. Gonzalez, San Diego, CA, for Defendant.

## ORDER REGARDING APPLICABILITY OF *CRAWFORD v. WASHINGTON*

RHOADES, District Judge.

### I. Introduction

Defendant Ricardo Barraza is charged with violating the conditions of his unsupervised release. This order addresses the limited issue of whether, pursuant to *Crawford v. Washington,* —— U.S. ——, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), it is a violation of defendant Barraza's right to confrontation for the court to consider the hearsay testimony of Blanca Barraza, defendant Barraza's wife, in determining whether defendant Barraza has violated the conditions of his release. For the reasons set forth below, the court concludes that *Crawford* is inapplicable in a release revocation proceeding.

### II. Background

It is alleged that on or about July 28, 2003, defendant Barraza was in possession of a firearm, committed assault with a deadly weapon, and made threats involving death and serious bodily injury. At the revocation hearing, the government presented the hearsay statements of Blanca Barraza, who was not available for cross-examination at the hearing because she invoked her Fifth Amendment right to remain silent as well as the marital privilege. Subsequent to the hearing, the Supreme Court decided *Crawford.* The court ordered the parties to brief the issue of whether, after *Crawford,* Blanca Barraza's hearsay statements may be considered by the court or whether consideration of these statements would violate defendant Barraza's right to confrontation.

### III. Analysis

Prior to *Crawford,* the Supreme Court in *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980) had held that the Sixth Amendment Confrontation Clause "does not bar admission of an unavailable witness's statement against a criminal defendant if the statement bears 'adequate indicia of reliability.'" *Crawford,* —— U.S. at ——, 124 S.Ct. at 1358 (quoting *Roberts,* 448 U.S. at 66, 100 S.Ct. 2531). The petitioner in *Crawford* asked the Court to reconsider its ruling in *Roberts.*

The *Crawford* Court began its analysis by examining the language of the Sixth Amendment Confrontation Clause, which provides that "[i]n all criminal prosecutions, the accused shall enjoy the right... to be confronted with the witnesses against him." After examining the history of the Sixth Amendment, the Court rejected the view that the Confrontation Clause applies only to in-court testimony. The Court explained that "[l]eaving the regulation of out-of-court statements to the law of evidence would render the Confrontation Clause powerless to prevent even the most flagrant inquisitorial practices." *Crawford,* —— U.S. at ——, 124 S.Ct. at 1364. However, the Court was careful to note that "not all hearsay implicates the Sixth Amendment's core concerns." *Id.* Because the Confrontation Clause refers to "witnesses" against the accused, the Court concluded that the Confrontation Clause is concerned with a specific type of court-of-court statement: testimonial statements. The court made clear that statements taken by police officers in the course of questioning are testimonial in nature.

The Court then purported to affirm the rule of *Roberts*—that where the declarant is unavailable, hearsay may be admitted where there is sufficient indicia

of reliability—but explained that "[w]here testimonial statements are at issue, the only indicum of reliability sufficient to satisfy constitutional demands in the one that the Constitutional actually prescribes: confrontation." *Id.* at 1374. Thus, after *Crawford,* out-of-court statements made to police regarding a defendant are inadmissible at trial under the Sixth Amendment Confrontation Clause where the declarant is unavailable and was not previously subject to cross-examination by the defendant.

■ Clearly, if defendant Barraza was being prosecuted in a criminal trial, *Crawford* would be on all fours with the present case and would bar the admission of Blanca Barraza's statements because she has refused to testify on Fifth Amendment and marital privilege grounds (and therefore is unavailable) and her statements were not subject to prior cross-examination. The issue, however, is whether the holding of *Crawford* applies, or should be extended, to a supervised release revocation proceeding. As set forth in detail below, the right to confrontation in a supervised release revocation hearing is a due process, not a Sixth Amendment, right. Thus, *Crawford,* a case outlining the requirements of the Sixth Amendment Confrontation Clause, is inapplicable. Moreover, there is no basis for concluding that *Crawford* overrules well-established Supreme Court case law holding that the due process right to confrontation in a revocation proceeding is limited in nature.

The right to confront a witness in a state parole revocation hearing was established in *Morrissey v. Brewer,* 408 U.S. 471, 472, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). In that case, the Supreme Court framed the issue as "whether the Due Process Clause of the Fourteenth Amendment requires that a State afford an individual some opportunity to be heard prior to revoking his parole." *Id.* at 472, 92 S.Ct. 2593. The

Court began "with the proposition that the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." *Id.* at 480, 92 S.Ct. 2593. As the Court explained:

> Parole arises after the end of the criminal prosecution, including imposition of sentence. Supervision is not directly by the court but by an administrative agency, which is sometimes an arm of the court and sometimes of the executive. Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions.

*Id.* at 480, 92 S.Ct. 2593. The court then turned "to the question whether the requirements of due process in general apply to parole revocations." *Id.* at 481, 92 S.Ct. 2593. The Court concluded that the liberty of a parolee "is valuable and must be seen as within the protection of the Fourteenth Amendment." *Id.* at 482, 92 S.Ct. 2593. Therefore, the Court concluded that the termination of parole "calls for some orderly process, however informal." *Id.* Although the Court declined to write "a code of procedure," it did conclude that "minimum requirements of due process" include "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." *Id.* at 489, 92 S.Ct. 2593.

Soon thereafter, the Supreme Court extended the *Morrissey* protections to state probation revocation proceedings. *See Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The Ninth Circuit has extended the *Morrissey* protections to federal supervised release revocation proceedings. *See United States v. Daniel,* 209 F.3d 1091, 1093 (9th Cir.2000).

The Ninth Circuit appears to have concluded that the right to confrontation recognized in *Morrissey* is a due process right. For example, the Ninth Circuit in *John v. U.S. Parole Com'n,* 122 F.3d 1278, 1281 (9th Cir.1997) explained that "[a]lthough Morrissey [ ] established the rights of state parolees under the Due Process Clause of the Fourteenth Amendment, that decision has of course been extended to define the rights of federal parolees seeking due process protections under the Fifth Amendment...." Similarly, in *United States v. Daniel,* 209 F.3d 1091, 1093 (9th Cir.2000), the Ninth Circuit recognized that the "due process protections" set forth in *Morrissey* extend to an supervised release revocation hearings. *But see United States v. Simmons,* 812 F.2d 561 (9th Cir.1987). Thus, in *United States v. Comito,* 177 F.3d 1166 (9th Cir.1999), which involved the revocation of the defendant's supervised release, the Ninth Circuit framed the issue as whether the defendant's *"due process* right to confrontation was violated...." *Id.* at (emphasis added).

■ The court is aware that, although the Sixth Amendment is mentioned nowhere in the *Morrissey* majority opinion, at least two other circuits have, without analysis, characterized *Morrissey* as being a Sixth Amendment case. *See United States v. Bell,* 785 F.2d 640, 642 (8th Cir. 1986) (referring to *Morrissey* as a Sixth Amendment case); *United States v. Penn,* 721 F.2d 762 (11th Cir.1983) (concluding that *Morrissey* was a case of the Sixth Amendment being applied to the states via the Fourteenth Amendment). However, because this court sits in the Ninth Circuit, this court is required to follow Ninth Circuit case law. Moreover, for the following reasons, the court concludes that the Ninth Circuit has properly characterized the right to confrontation in a revocation hearing as a due process right.

It is telling that the Supreme Court itself has continually characterized the requirements set forth in *Morrissey* and *Scarpelli* as emanating from the Fourteenth Amendment due process clause itself, not from the Sixth Amendment. *See Overton v. Bazzetta,* 539 U.S. 126, 138, 123 S.Ct. 2162, 156 L.Ed.2d 162 (2003) ("It was in the groundbreaking decision in *Morrissey v. Brewer[ ],* in which we held that parole revocation is a deprivation of liberty within the meaning of the Due Process Clause of the Fourteenth Amendment, that the Court rejected the view once held by some state courts that a prison inmate is a mere slave."); *Ponte v. Real,* 471 U.S. 491, 512, 105 S.Ct. 2192, 85 L.Ed.2d 553 (1985) ("*Gagnon v. Scarpelli* [ ] recognized a due process right to counsel under some circumstances at parole and probation revocation hearings."). *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 9, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) ("[R]espondents rely heavily on *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484[ ], where we held that a parole-revocation determination must meet certain due process standards."); *Moody v. Daggett,* 429 U.S. 78, 85–86, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) ("In *Morrissey,* we held that the conditional freedom of a parolee generated by statute is a liberty interest protected by the Due Process Clause of the Fourteenth Amendment which may not be terminated absent appropriate due process safeguards."). *See also Black v. Romano,* 471 U.S. 606, 610, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985) ("The Due Process Clause of the Fourteenth Amendment imposes procedural and substantive limits on the revocation of the conditional liberty created by probation.").

■ Moreover, the Sixth Amendment Confrontation Clause by its own terms applies only to "criminal prosecutions."

*See Hyser v. Reed,* 318 F.2d 225, 237 (D.C.Cir.1963) ("The appellants do not explicitly urge, nor would we accept the contention that the Sixth Amendment applies to parole revocation proceedings. The Sixth Amendment by its terms governs only 'criminal prosecutions.' "). Given that the Supreme Court in *Morrissey* specifically noted that "the revocation of parole is not part of a criminal prosecution," it is difficult to conclude that *Morrissey* was a Sixth Amendment case.

It is also significant that prior to *Morrissey* and *Scarpelli,* the Supreme Court had held that the "Sixth Amendment's right of an accused to confront the witnesses against him is likewise a fundamental right and is made obligatory on the States by the Fourteenth Amendment." *Pointer v. Texas,* 380 U.S. 400, 403, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). *Pointer* involved the Sixth Amendment right of confrontation at trial. Had the Court in *Morrissey* and *Scarpelli* been confronted with the issue of whether the Sixth Amendment right of confrontation is applicable to the States via the Fourteenth Amendment in parole and probation revocation proceedings, one would assume that the Court would have framed the issue as whether the rule in *Pointer* should be extended to revocation proceedings. At a minimum, one would expect that the *Pointer* decision would at least be mentioned in *Morrissey* and *Scarpelli,* which it is not.

■ For these reasons, one is compelled to conclude that the conditional right to confrontation in a revocation proceeding recognized by *Morrissey* and *Scarpelli* is a due process, not a Sixth Amendment, right. Because *Crawford* is a Sixth Amendment Confrontation Clause case, it is clear that *Crawford* is not controlling authority regarding the right to confrontation in a revocation proceeding. Moreover, the court declines to apply *Crawford*

by analogy. A finding that there is an absolute right to cross-examination in revocation proceedings with respect to testimonial hearsay would be tantamount to a finding that *Crawford* implicitly overruled *Morrissey, Scarpelli,* and their progeny, which have recognized only a conditional right to cross-examination in a supervised release revocation proceeding. *See Morrissey,* 408 U.S. at 489, 92 S.Ct. 2593 (recognizing a right to confront and cross-examine adverse witnesses at a revocation proceeding absent a finding of good cause for not allowing confrontation). *See also United States v. Martin,* 984 F.2d 308, 310 (9th Cir.1993) ("A releasee's right to confrontation is not equivalent to that afforded a criminal defendant at trial.") This court declines to conclude that by its decision in *Crawford* the Supreme Court implicitly intended to overrule its well-established precedent regarding the due process right to confrontation in revocation hearings absent even the smallest indication of such an intent. Thus, as the court previously concluded, the well-established due process standards of *Morrissey* and *Scarpelli* (as those standards have been applied by the Ninth Circuit in cases such as *Daniel, John* and *Comito* ) apply in this unsupervised release revocation proceeding.

**IV. Conclusion**

■ *Crawford,* which narrowed the circumstances under which hearsay statements may be introduced against a criminal defendant at trial where the declarant is unavailable, was decided under the Sixth Amendment Confrontation Clause. The Supreme Court has repeatedly characterized the fight of confrontation in revocation hearings as a due process right. Therefore, the rule of *Crawford* is inapplicable to supervised release revocation proceedings. *Morrissey,* which originally established a conditional due process right to confrontation at revocation proceedings, remains the

law applicable to such proceedings. The court will in a separate order address whether Blanca Barraza's hearsay is admissible under *Morrissey* and its progeny and whether defendant Barraza has committed the violations with which he is charged.

**IT IS SO ORDERED.**