Billy Don SMART, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–04–134–CR.

Court of Appeals of Texas, Beaumont.

Submitted on Nov. 11, 2004.

Delivered Dec. 22, 2004.

Dexter M. Patterson, The Woodlands, for appellant.

Michael A. McDougal, Dist. Atty., Joel Daniels, R. Barry Rienstra, Michael C. Young, Asst. Dist. Attys, Conroe, for state.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

DAVID GAULTNEY, Justice.

Billy Don Smart was charged with criminal mischief, a Class A misdemeanor, and he pleaded not guilty. The jury convicted Smart of the lesser included offense of Class B misdemeanor criminal mischief. Smart elected to have the trial court assess his punishment. The trial court fined Smart $2000, sentenced him to one hundred eighty days in the Montgomery County jail, and charged him with court costs of $240.25. The fine and court costs were to be paid at the rate of $187.00 per month until paid in full. Smart was also ordered to pay restitution of $260.00 to complainant. The court suspended the imposition of the jail sentence and placed Smart on community supervision for two years, conditioned upon his compliance with all conditions of community supervision. This Court affirmed the trial court's judgment. See *Smart v. State*, No. 09–01–00393–CR, 09–01–00394–CR, 2002 WL 31322735 (Tex.App.-Beaumont 2002, no pet.) (not designated for publication).

Subsequently, the State filed an amended motion to revoke Smart's community supervision, alleging Smart had committed criminal trespass; failed to report to the community supervision office in March 2003; failed to pay a Crime Stoppers fee of fifteen dollars; failed to perform community service restitution in January, February, and March 2003; failed to make fine payments in February and March 2003; and failed to pay court costs in February and March 2003. A hearing was held on the State's amended motion to revoke com-

munity supervision. At the hearing, the court liaison for the Montgomery County Community Supervision Department stated she was the custodian of Smart's probation file, the community supervision office maintained records of each probationer's reporting schedule as part of its regular course of business, and entries were made by one with personal knowledge. Citing the United States Supreme Court's decision in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), Smart's counsel objected, contending the admission of the records violated Smart's rights under the Confrontation Clause because the liaison testified she did not personally make all of the entries contained in the records. The trial court overruled the objection and admitted the file as State's Exhibit 3 under the business records exception to the hearsay rule. See Tex.R. Evid. 803(6).[1] The court liaison also testified her office maintained records in the ordinary course of business which detail violations of community supervision, and the court admitted the records as State's Exhibit 4, overruling another *Crawford* objection by Smart's counsel that, because the witness did not personally compile the records, Smart's rights under the Confrontation Clause were violated.

The trial court found insufficient evidence to support the State's allegations of criminal trespass and failure to pay the Crime Stoppers fee, but found the remaining allegations were supported by sufficient evidence. The trial court entered an order which revoked Smart's community supervision and sentenced him to confinement in the Montgomery County jail for ninety days. In this appeal, Smart contends the trial court "erred in not applying the dictates of *Crawford v. Washington[.]*"

The applicability of Crawford and the Confrontation Clause to the proceeding below is an issue of law which we review de novo. See *Beeman v. State,* 86 S.W.3d 613, 620 (Tex.Crim.App.2002).

■■■ The Sixth Amendment's Confrontation Clause provides as follows: "In all criminal prosecutions, the accused shall enjoy the right to ... be confronted with the witnesses against him...." U.S. Const. amend. VI. In Crawford, the United States Supreme Court held:

> [w]here testimonial evidence is at issue, ... the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination. We leave for another day any effort to spell out a comprehensive definition of "testimonial." Whatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations. These are the modern practices with closest kinship to the abuses at which the Confrontation Clause was directed.

*Crawford,* 541 U.S. 36, 124 S.Ct. at 1374 (footnote omitted). However, like parole revocation, community supervision revocation is not a stage of a criminal prosecution. See *Gagnon v. Scarpelli,* 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); see generally *Morrissey v. Brewer,* 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (revocation of parole is not part of a criminal prosecution). A community supervision revocation proceeding is an administrative hearing, not a criminal trial. See *Cobb v. State,* 851 S.W.2d 871, 873 (Tex.Crim.App.1993); *Bradley v. State,* 564 S.W.2d 727, 729 (Tex.

---

1. Generally, records admissible under the business records hearsay exception "that by their nature were not testimonial" were not the focus of the Crawford decision. *Crawford,* 541 U.S. 36, 124 S.Ct. at 1367. References

Crim.App.1978) ("The relationship between the probationer and the court is contractual in nature."). Crawford addressed an out-of-court testimonial statement offered in a criminal trial, and is not directly applicable in this revocation proceeding. See *United States v. Aspinall,* 389 F.3d 332 (2nd Cir. 2004); but see *Ash v. Reilly,* No. 03–2007, 2004 WL 2800937, at *8, 2004 U.S. Dist. LEXIS 24451, at *16–17 (D.C.Cir. Dec. 7, 2004) (Court held a criminal defendant in a parole revocation hearing is entitled to confrontation.).

■ In Morrissey, the Supreme Court held a parolee is entitled to due process before parole is revoked to assure "the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior." Morrissey, 408 U.S. at 484, 92 S.Ct. 2593. Due process in a revocation proceeding includes the "right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)[.]" Id. at 489, 92 S.Ct. 2593; see also *Ex Parte Taylor,* 957 S.W.2d 43, 44–47 (Tex.Crim.App.1997). The Supreme Court made clear in Morrissey that "there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense." *Morrissey,* 408 U.S. at 489, 92 S.Ct. 2593. The Court further explained "the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." *Id.* Nothing in Crawford suggests that the Confrontation Clause, which applies to criminal trials, alters the standard set forth in Morrissey for the admissibility of evidence in a revocation proceeding. See *Aspinall,* 389 F.3d 332, at 340. Appellant challenges the admission of records solely on the applicability of Crawford. Appellant's issue is overruled, and the judgment of the trial court is affirmed.

AFFIRMED.