Gabriel DIAZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–04–00611–CR.

Court of Appeals of Texas,
San Antonio.

July 20, 2005.

Vincent D. Callahan, San Antonio, for appellant.

Susan D. Reed, Criminal Dist. Atty., San Antonio, for appellee.

Sitting: KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

**OPINION**

Opinion by KAREN ANGELINI, Justice.

In his sole issue, Gabriel Diaz argues that during his community supervision rev-

---

ocation hearing, his constitutional right to confront witnesses under the Sixth Amendment to the United States Constitution was violated, relying on the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Because a community supervision revocation proceeding is not a stage of a criminal prosecution, we hold that Diaz's right under the Sixth Amendment's Confrontation Clause does not apply. As such, we affirm the judgment of the trial court.

### BACKGROUND

Following his plea of guilty to the offense of aggravated assault, Gabriel Diaz was placed on community supervision for a period of ten years. Six years later, the State filed a motion to revoke his community supervision, arguing that he had violated the terms and conditions of his community supervision by committing the offense of assault bodily injury—married and by interfering with an emergency telephone call. At the revocation hearing, Officer Ian Garcia testified that on the night of May 1, 2004, he received a domestic disturbance call. Upon arriving at the scene, Officer Garcia met with Christina Salazar.[1] Over Diaz's objection,[2] Officer Garcia testified that Salazar told him that she and Diaz had been arguing and Diaz pushed her. According to Officer Garcia, while she was dialing 9–1–1, Diaz ripped the phone by the cord and pulled it out from the wall. As Diaz tried to "break away from him, he whipped her across the face with the phone cord."

After hearing the evidence presented, the trial court determined that Diaz had violated the terms and conditions of his community supervision, revoked his community supervision, and sentenced him to ten years imprisonment.

### DISCUSSION

 In his sole issue, Diaz argues that Officer Garcia's testimony violated his rights under the Sixth Amendment's Confrontation Clause as enunciated in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). In response, the State argues that *Crawford* does not apply to community supervision revocation hearings. The applicability of *Crawford* and the Sixth Amendment's Confrontation Clause to revocation proceedings is an issue of law that we review de novo. *Smart v. State*, 153 S.W.3d 118, 120 (Tex.App.-Beaumont 2004, pet. ref'd).

This issue is one of first impression in our court; other courts, however, have addressed this issue. The Beaumont Court of Appeals has held that *Crawford's* holding does not apply to revocation proceedings. *See Smart v. State*, 153 S.W.3d 118 (Tex.App.-Beaumont 2004, pet. ref'd). The federal courts are split on this issue with the majority of courts holding that *Crawford* does not apply to revocation proceedings. *Compare United States v. Aspinall*, 389 F.3d 332, 342–43 (2d Cir.2004) (holding that *Crawford* does not apply to probation revocation proceedings), *and United States v. Martin*, 382 F.3d 840, 844 (8th Cir.2004) (holding that *Crawford* does not apply to proceedings relating to revocation of supervised release), *and United States v. Barraza*, 318 F.Supp.2d 1031, 1034–35 (S.D.Cal.2004) (holding that *Craw-*

---

1. It is undisputed that during the revocation hearing, Salazar was in the hallway and, therefore, available to testify. Neither the State nor the defense chose to call her to testify.

2. Diaz objected, arguing that the testimony was hearsay and that it was "testimonial evidence" under *Crawford*. The court determined that the testimony was admissible as an excited utterance.

*ford* does not apply to revocation of unsupervised release proceeding), *with United States v. Jarvis,* 94 Fed.Appx. 501, 502 (9th Cir.2004) (holding that *Crawford* does apply to revocation of supervised released proceeding), *and Ash v. Reilly,* 354 F.Supp.2d 1, 9–10 (D.D.C.2004) (holding that *Crawford* does apply to parole revocation hearing). And, at least one state supreme court has held that *Crawford* does not apply to revocation hearings. *See State v. Abd–Rahmaan,* 111 P.3d 1157, 1162 (Wash.2005). We agree with the majority of authority and, for the reasons below, hold that the Supreme Court's holding in *Crawford* does not apply to Diaz's community supervision revocation hearing.

■ The seminal case involving an individual's due process rights at a parole revocation hearing is the United States Supreme Court's decision in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). In *Morrissey,* the Court addressed "whether the Due Process Clause of the Fourteenth Amendment requires that a State afford an individual some opportunity to be heard prior to revoking his parole." *Id.* at 472, 92 S.Ct. 2593. The Court began "with the proposition that the revocation of parole *is not part of a criminal prosecution* and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." *Id.* at 480, 92 S.Ct. 2593 (emphasis added). The Court explained why a parole revocation proceeding is not part of a criminal prosecution:

Parole arises after the end of the criminal prosecution, including imposition of sentence. Supervision is not directly by the court but by an administrative agency, which is sometimes an arm of the court and sometimes of the executive. Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the condition-al liberty properly dependent on observance of special parole restrictions.

*Id.* at 480, 92 S.Ct. 2593. Because a defendant is not afforded the "full panoply of rights" when the proceeding is not part of a criminal prosecution, the Court then turned to "whether the requirements of due process in general apply to parole revocations." *Id.* at 481, 92 S.Ct. 2593. The Court concluded that the liberty of a parolee "is valuable and must be seen as within the protection of the Fourteenth Amendment." *Id.* at 482, 92 S.Ct. 2593. As such, "[i]ts termination calls for some orderly process, however informal." *Id.* The Court held that the Fourteenth Amendment guarantees, at a minimum, the following due process protections to a defendant in a parole revocation hearing:

(1) written notice of the claimed violations of parole;

(2) disclosure to the parolee of evidence against him;

(3) opportunity to be heard in person and to present witnesses and documentary evidence;

(4) *the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation);*

(5) a "neutral and detached" hearing body; and

(6) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Id.* at 489, 92 S.Ct. 2593 (emphasis added). The Court, however, emphasized that "there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense." *Id.* According to the Court, "[i]t is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be ad-

missible in an adversary criminal trial." *Id.* The following year, in *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the Supreme Court extended the due process protections enunciated in *Morrissey* to state probation revocation proceedings, recognizing that revocation of probation, like revocation of parole, deprives an individual of a conditional liberty. *Id.* at 782, 93 S.Ct. 1756. According to the Court, it did not perceive "any difference relevant to the guarantee of due process between the revocation of parole and the revocation of probation." *Id.* The Court further noted that "[p]robation revocation, like parole revocation, is not a stage of a criminal prosecution." *Id.* Addressing the right of an individual to cross-examine live witnesses, the Court emphasized that it did not intend in *Morrissey* to prohibit the use of alternatives to live testimony, including affidavits, depositions, and documentary evidence. *Id.* at 782 n. 5, 93 S.Ct. 1756.

Both *Morrissey* and *Scarpelli* define a defendant's rights in a revocation proceeding under the Due Process Clause of the Fourteenth Amendment. In contrast, *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), discusses a defendant's right under the Confrontation Clause of the Sixth Amendment. The Sixth Amendment's Confrontation Clause provides the following: "*In all criminal prosecutions,* the accused shall enjoy the right . . . to be confronted with the witnesses against him . . ." U.S. Const. amend. VI (emphasis added). *Crawford* held that a defendant's right to confrontation under the Sixth Amendment is violated where testimonial hearsay is admitted at trial and the defendant has not been afforded the prior opportunity to cross-examine the witness. *Crawford,* 541 U.S. at 61, 124 S.Ct. 1354. In doing so, the Court overruled its prior decision in *Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531,

65 L.Ed.2d 597 (1980), which held that under the confrontation clause, statements of a witness unavailable at trial may be admitted if the hearsay falls under a "firmly rooted hearsay exception" or bears "particularized guarantees of trustworthiness." *Crawford,* 541 U.S. at 61, 67–69, 124 S.Ct. 1354.

In holding that *Crawford* does not apply to revocation proceedings, courts have recognized that the Confrontation Clause of the Sixth Amendment explicitly applies to "criminal prosecutions." *See Aspinall,* 389 F.3d at 342; *Martin,* 382 F.3d at 844 & n. 4; *Barraza,* 318 F.Supp.2d at 1034–35; *Smart,* 153 S.W.3d at 120; *Abd–Rahmaan,* 111 P.3d at 1160. As emphasized by these courts, the Supreme Court in *Morrissey* and *Scarpelli* held that a revocation proceeding is not a stage of a "criminal prosecution." *See Aspinall,* 389 F.3d at 342; *Martin,* 382 F.3d at 844 & n. 4; *Barraza,* 318 F.Supp.2d at 1034–35; *Smart,* 153 S.W.3d at 120; *Abd–Rahmaan,* 111 P.3d at 1160. As such, these courts conclude that because revocation proceedings are not "criminal prosecutions," *Crawford's* holding under the Sixth Amendment does not apply. *See Aspinall,* 389 F.3d at 342; *Martin,* 382 F.3d at 844; *Barraza,* 318 F.Supp.2d at 1034–35; *Smart,* 153 S.W.3d at 120; *Abd–Rahmaan,* 111 P.3d at 1160.

These courts also emphasize that *Crawford* discussed rights under the Sixth Amendment while *Morrissey* and *Scarpelli* discusses rights arising from the Fourteenth Amendment. *See Aspinall,* 389 F.3d at 342; *Martin,* 382 F.3d at 844; *Barraza,* 318 F.Supp.2d at 1034–35; *Smart,* 153 S.W.3d at 120; *Abd–Rahmaan,* 111 P.3d at 1160. As noted by Second Circuit, "[n]othing in *Crawford,* which reviewed a criminal trial, purported to alter the standards set by *Morrissey/Scarpelli* or otherwise suggested that the Confrontation Clause principle enunciated in *Craw-*

*ford* is applicable to probation revocation proceedings." *Aspinall,* 389 F.3d at 343; *see also Smart,* 153 S.W.3d at 121 ("Nothing in *Crawford* suggests that the Confrontation Clause, which applies to criminal trials, alters the standard set forth in *Morrissey* for the admissibility of evidence in a revocation proceeding.").

Moreover, as emphasized by a federal district court, because the Supreme Court in *Morrissey* "specifically noted that 'the revocation of parole is not part of a criminal prosecution,' it is difficult to conclude that *Morrissey* was a Sixth Amendment case." *Barraza,* 318 F.Supp.2d at 1035. This court also found significant that prior to *Morrissey* and *Scarpelli,* the Supreme Court had held that the "Sixth Amendment's right of an accused to confront the witnesses against him is likewise a fundamental right and is made obligatory on the States by the Fourteenth Amendment." *Id.* (citing *Pointer v. Texas,* 380 U.S. 400, 403, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965)). Noting that *Pointer* involved the Sixth Amendment right of confrontation at trial, the federal district court reasoned that "[h]ad the Court in *Morrissey* and *Scarpelli* been confronted with the issue of whether the Sixth Amendment right of confrontation is applicable to the States via the Fourteenth Amendment in parole and probation revocation proceedings, one would assume that the Court would have framed the issue as whether the rule in *Pointer* should be extended to revocation proceedings." *Id.* The court emphasized that "[a]t a minimum, one would expect that the *Pointer* decision would be at least mentioned in *Morrissey* and *Scarpelli,* which it is not." *Id.* Thus, the federal

court concluded that "the conditional right to confrontation in a revocation proceeding recognized by *Morrissey* and *Scarpelli* is a due process, not a Sixth Amendment, right." *Id.* And, because *Crawford* discussed a defendant's right under the Sixth Amendment, "it is clear that *Crawford* is not controlling authority regarding the right to confrontation in a revocation proceeding." *Id.* The federal district court also refused to apply *Crawford* by analogy, explaining that to do so would be tantamount to "finding that *Crawford* implicitly overruled *Morrissey, Scarpelli,* and their progeny." *Id.* The court declined to "conclude that by its decision in *Crawford* the Supreme Court implicitly intended to overrule its well-established precedent regarding the due process right to confrontation in revocation hearings absent even the smallest indication of such an intent." *Id.*

Likewise, the Washington Supreme Court distinguished *Morrissey* and *Scarpelli* from *Crawford,* emphasizing that *Morrissey* and *Scarpelli* involved due process rights under the Fourteenth Amendment while *Crawford* involved a defendant's right of confrontation under the Sixth Amendment. *Abd–Rahmaan,* 111 P.3d at 1161. The court also refused to hold that *Crawford* implicitly overruled *Morrissey* and *Scarpelli. Id.* It, therefore, concluded that because parole revocation hearings are not criminal prosecutions, *Crawford,* a Sixth Amendment case, was inapplicable. *Id.*

Agreeing with the reasoning of these courts, we hold that *Crawford* does not apply to Diaz's community supervision revocation hearing and overrule Diaz's sole issue.[3]

---

**3.** At least two courts have disagreed with this conclusion: a panel from the Ninth Circuit and a federal district court from the District of Columbia. In *United States v. Jarvis,* the Ninth Circuit, with little analysis, held that

"[d]ue process mandates that at revocation proceedings, the releasee must be afforded the right to confront and cross-examine witnesses unless the hearing officer specifically finds good cause for not allowing confronta-

## CONCLUSION

Because *Crawford's* holding under the Sixth Amendment does not apply to revocation hearings, we overrule Diaz's sole issue and affirm the judgment of the trial court.

tion." 94 Fed.Appx. at 502. In *Ash v. Reilly,* 354 F.Supp.2d 1, 8 (D.D.C.2004), the federal district court did not find the Sixth Amendment/Fourteenth Amendment distinction to be persuasive. Although the court acknowledged "the context in which *Morrissey* was decided," it believed that *Morrissey* "discussed confrontation in the context of 'due process' because that case concerned state court action, and thus, any rights applicable to the defendants in that case would exist solely via incorporation of constitutional rights through the Due Process Clause of the Fourteenth Amendment and not because the [Supreme] Court envisioned an alternative form of confrontation different from that referenced in the Sixth Amendment." *Id.* For the reasons stated above, we disagree with the reasoning of both these courts.