OSBORNE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-134-CR

FRED DEE OSBORNE APPELLANT

A/K/A FRED DEE OSBORN

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Fred Dee Osborne a/k/a Fred Dee Osborn appeals his revocation of community supervision and sentence of six years’ in the Institutional Division of the Texas Department of Criminal Justice (TDCJ).  In his sole point, appellant argues that the trial court abused its discretion in revoking his community supervision and sentencing him to six years in TDCJ.  We affirm.

II.  Background Facts

On June 2, 2003, appellant pled guilty to driving while intoxicated and felony repetition.  Pursuant to the plea agreement with the State, appellant was sentenced to ten years in TDCJ and ordered to pay a $1,500 fine.  However, the imposition of the sentence was suspended and appellant was placed on community supervision for ten years and ordered to pay the $1500 fine in monthly payments.  The State filed a petition to revoke appellant’s community supervision when he failed to meet certain requirements set forth in the original judgment.

At the April 8, 2005 hearing, appellant pled true to paragraphs one, three, and five of the State’s second amended petition and not true to paragraphs two  and four.  The State waived paragraphs two and four, and the trial court heard testimony on paragraphs one, three, and five.  

III.  Revocation of Community Supervision

We review an order revoking community supervision under an abuse of discretion standard.  
Cardona v. State
, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984);
 Jackson v. State
, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983).  In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision.  
Cobb v. State
, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).  The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court’s ruling.  
Cardona
, 665 S.W.2d at 493; 
Garrett v. State
, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); 
Allbright v. State
, 13 S.W.3d 817, 819 (Tex. App.—Fort Worth 2000, pet. ref’d).  If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. 
 Cardona
, 665 S.W.2d at 493-94.

Appellant pled true to all of the paragraphs the State proceeded on regarding his violation of community supervision.  A plea of true, standing alone, is sufficient to support the revocation of community supervision.  
Cole v. State
, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).
(footnote: 2)  Appellant claims that he was denied due process because the trial court revoked his community supervision and sentenced him to six years in TDCJ.

A probationer is entitled to certain due process protections in the revocation proceedings. 
 Bradley v. State
, 564 S.W.2d 727, 729-30 (Tex. Crim. App. 1978); 
Moore v. State
, 11 S.W.3d 495, 499 (Tex. App. སྭHouston [14th Dist.] 2000, no pet.).  In 
Gagnon v. Scarpelli
, the Supreme Court extended the due process protections to state probation revocation proceedings, recognizing that revocation of probation deprives an individual of a conditional liberty.  411 U.S. 778, 782, 93 S. Ct. 1756, 1759-60 (1973); 
see Diaz v. State
, 172 S.W.3d 668, 671 (Tex. App.སྭSan Antonio 2005, no pet.).  However, appellant does not explain how the trial court violated his due process rights or cite to the record as support for his contention.  Therefore, we deem this issue inadequately briefed. 
 Tex.R.App.P.
 38.1(h); 
Tong v. State
, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), 
cert. denied
, 532 U.S. 1053 (2001). 

Appellant also argues that the trial court abused its discretion in sentencing him to six years’ confinement and not reinstating his community supervision or giving him a less severe alternative to incarceration.  Section 12.34 of the penal code states that a person adjudicated guilty of a third degree felony shall be punished by confinement in TDCJ for any term of not more than ten years or less than two years.  
Tex. Penal Code Ann.
 § 12.34 (Vernon 2003).  It is clear the punishment assessed by the trial court fell within the range of punishment established by law, and a penalty imposed within the range prescribed by the legislature will not be disturbed on appeal.  
Nunez v. State
, 565 S.W.2d 536, 538 (Tex. Crim. App. 1978).  Because we determine that appellant’s plea standing alone is sufficient to support his revocation and that the trial court did not abuse its discretion in assessing appellant’s punishment within the statutory guidelines, we overrule his sole point.

IV.  Conclusion

Having overruled appellant’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, J.; CAYCE, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: January 12, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
A finding of a single violation of community supervision is sufficient to support revocation.  
Allbright
, 13 S.W.3d at 819.