COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-134-CR

 

 

FRED DEE OSBORNE                                                            APPELLANT

A/K/A
FRED DEE OSBORN

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction








Appellant Fred Dee Osborne
a/k/a Fred Dee Osborn appeals his revocation of community supervision and
sentence of six years= in the
Institutional Division of the Texas Department of Criminal Justice (TDCJ).  In his sole point, appellant argues that the
trial court abused its discretion in revoking his community supervision and
sentencing him to six years in TDCJ.  We
affirm.

II.  Background Facts

On June 2, 2003, appellant
pled guilty to driving while intoxicated and felony repetition.  Pursuant to the plea agreement with the
State, appellant was sentenced to ten years in TDCJ and ordered to pay a $1,500
fine.  However, the imposition of the
sentence was suspended and appellant was placed on community supervision for
ten years and ordered to pay the $1500 fine in monthly payments.  The State filed a petition to revoke
appellant=s community
supervision when he failed to meet certain requirements set forth in the
original judgment.

At the April 8, 2005 hearing,
appellant pled true to paragraphs one, three, and five of the State=s second amended petition and not true to paragraphs two  and four. 
The State waived paragraphs two and four, and the trial court heard
testimony on paragraphs one, three, and five. 


III.  Revocation of Community Supervision








We review an order revoking
community supervision under an abuse of discretion standard.  Cardona v. State, 665 S.W.2d 492, 493
(Tex. Crim. App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.
Crim. App. 1983).  In a revocation
proceeding, the State must prove by a preponderance of the evidence that the
defendant violated the terms and conditions of community supervision.  Cobb v. State, 851 S.W.2d 871, 873
(Tex. Crim. App. 1993).  The trial court
is the sole judge of the credibility of the witnesses and the weight to be
given their testimony, and we review the evidence in the light most favorable
to the trial court=s
ruling.  Cardona, 665 S.W.2d at
493; Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.]
1981); Allbright v. State, 13 S.W.3d 817, 819 (Tex. App.CFort Worth 2000, pet. ref=d).  If the State fails to meet
its burden of proof, the trial court abuses its discretion in revoking the
community supervision.  Cardona,
665 S.W.2d at 493-94.

Appellant pled true to all of
the paragraphs the State proceeded on regarding his violation of community
supervision.  A plea of true, standing
alone, is sufficient to support the revocation of community supervision.  Cole v. State, 578 S.W.2d 127, 128
(Tex. Crim. App. [Panel Op.] 1979).[2]  Appellant claims that he was denied due
process because the trial court revoked his community supervision and sentenced
him to six years in TDCJ.








A probationer is entitled to certain
due process protections in the revocation proceedings.  Bradley v. State, 564 S.W.2d 727, 729-30
(Tex. Crim. App. 1978); Moore v. State, 11 S.W.3d 495, 499 (Tex. App.__Houston [14th Dist.] 2000, no pet.). 
In Gagnon v. Scarpelli, the Supreme Court extended the due
process protections to state probation revocation proceedings, recognizing that
revocation of probation deprives an individual of a conditional liberty.  411 U.S. 778, 782, 93 S. Ct. 1756, 1759-60
(1973); see Diaz v. State, 172 S.W.3d 668, 671 (Tex. App._San
Antonio 2005, no pet.).  However,
appellant does not explain how the trial court violated his due process rights
or cite to the record as support for his contention.  Therefore, we deem this issue inadequately
briefed.  Tex.R.App.P. 38.1(h); Tong v. State,
25 S.W.3d 707, 710 (Tex. Crim. App. 2000), cert. denied, 532 U.S. 1053
(2001). 








Appellant also argues that
the trial court abused its discretion in sentencing him to six years= confinement and not reinstating his community supervision or giving
him a less severe alternative to incarceration. 
Section 12.34 of the penal code states that a person adjudicated guilty
of a third degree felony shall be punished by confinement in TDCJ for any term
of not more than ten years or less than two years.  Tex.
Penal Code Ann. ' 12.34
(Vernon 2003).  It is clear the
punishment assessed by the trial court fell within the range of punishment
established by law, and a penalty imposed within the range prescribed by the
legislature will not be disturbed on appeal. 
Nunez v. State, 565 S.W.2d 536, 538 (Tex. Crim. App. 1978).  Because we determine that appellant=s plea standing alone is sufficient to support his revocation and that
the trial court did not abuse its discretion in assessing appellant=s punishment within the statutory guidelines, we overrule his sole
point.

IV.  Conclusion

Having overruled appellant=s sole point, we affirm the trial court=s judgment.

 

PER CURIAM

 

PANEL F:    LIVINGSTON, J.; CAYCE, C.J.; and DAUPHINOT,
J.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
January 12, 2006











[1]See Tex. R. App. P. 47.4.





[2]A
finding of a single violation of community supervision is sufficient to support
revocation.  Allbright, 13 S.W.3d
at 819.