Opinion filed September 13, 2007


















 
 
  
 
 







 
 
  
 
 




Opinion filed September 13, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00257-CR 

                                                    __________

 

                                   SEAN ALLEN MAURO, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 104th District Court

                                                          Taylor County,
Texas

                                                  Trial
Court Cause No. 14755B 

 



 

                                                                   O
P I N I O N

 

Sean Allen Mauro was indicted for the aggravated
sexual assault of a child under the age of fourteen.  The trial court deferred the adjudication of
guilt and placed Mauro on community supervision.  Approximately one year later, the State filed
a motion to adjudicate and revoke community supervision, alleging nineteen
violations of the conditions of Mauro=s
community supervision.  Mauro pleaded
true to each allegation, and the trial court found that each was true.  The trial court ordered a presentence
investigation and recessed the hearing.








When the hearing resumed, Mauro asserted several
objections to an appendix to the PSI report including hearsay and violation of
his right of confrontation.  Mauro
contended that consideration of the appendix violated his constitutional right
of confrontation because he had not been given the chance to cross-examine the
appendix=s author,
Mark Walters.  The trial court overruled
Mauro=s hearsay
objections but continued the hearing for thirty days to allow both sides
additional opportunity to prepare.

When the hearing resumed, the State advised the
trial court that Walters was present and would be called to testify.  Mauro re-urged his objections to the
appendix.  The trial court overruled
Mauro=s
objections, and the State called Walters as its first witness.  Walters is a staff therapist with the Taylor
County Community Supervision and Corrections Department.  The PSI appendix is his treatment
summary.  Walters testified about that
summary and Mauro=s
treatment history.  The State also called
the minor victim=s mother
and grandmother, and Mauro testified on his own behalf. Following the
conclusion of the evidence, the trial court adjudicated Mauro guilty of
aggravated sexual assault of a child, revoked his community supervision, and
assessed his punishment at twenty years confinement.

Mauro challenges the trial court=s ruling with two issues.  Mauro argues that his constitutional right of
confrontation was denied and that this harmed him because the appendix was
considered when deciding his sentence. 
The State responds that we lack jurisdiction, that the issue is moot,
that the confrontation clause does not apply to revocation hearings, and that
in any event Mauro suffered no harm.

The State argues that, because this is an appeal
of a revocation proceeding, our jurisdiction is limited by Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon 2006) and that we may not
address any issue that is at least partially related to the trial court=s decision to adjudicate.  We agree that Mauro may not appeal the trial
court=s
decision to adjudicate guilt, but he can appeal the determination of his
punishment.  See Hargesheimer v. State,
182 S.W.3d 906, 910 (Tex.
Crim. App. 2006).  The PSI was ordered
after Mauro pleaded true to each of the State=s
allegations and after the trial court found that those allegations were
true.  At that point, the only remaining
issue was Mauro=s
punishment, and the only need for a PSI was to assist the trial court in
deciding punishment.  Whether the trial
court erred by considering the PSI report does not involve an appeal of its
decision to adjudicate guilt, and we find that we have jurisdiction.








We do, however, agree with the State that Mauro=s confrontation clause rights were not
violated.  The Texas Court of Criminal
Appeals has not considered whether the confrontation clause applies to a
revocation hearing.  Several intermediate
courts have and thus far each has held that the confrontation clause does not
apply because a revocation hearing is not a stage of a criminal prosecution.[1]   In Gagnon v. Scarpelli, 411 U.S. 778, 782
(1973), the Supreme Court held that probation revocation is not part of a
criminal proceeding and that the State could utilize alternatives to live
testimony such as affidavits, depositions, and documentary evidence. We
recognize that, subsequent to Gagnon, the court held in Crawford v.
Washington, 541 U.S. 36 (2004), that a defendant=s
right to confrontation under the Sixth Amendment is violated where testimonial
hearsay is admitted at trial and the defendant has not been afforded the prior
opportunity to cross‑examine the witness. 
But, as the San Antonio
 Court pointed out in Diaz, Crawford
applies only to Acriminal
prosecutions.@  Diaz v. State, 172 S.W.3d 668, 672 (Tex. App.CSan Antonio 2005, no pet.). Because a
revocation hearing is not a stage of a criminal prosecution, Crawford is
inapplicable.

Even if we are mistaken and the confrontation
clause applies to a revocation hearing, Walters testified live and was
subjected to cross-examination.  When
this occurs, the confrontation clause places no constraints on the use of the
witness=s prior
testimonial statements.  Crawford,
541 U.S.
at 59 n.9.  We recognize that the trial
court overruled Mauro=s
confrontation clause objection prior to Walters=s
testimony, but it did so after being advised that Walters was present
and would testify.  Mauro=s first issue is overruled.  This holding makes it unnecessary to consider
his second issue.

 The
judgment of the trial court is affirmed.

 

 

RICK STRANGE

September 13, 2007                                                                 JUSTICE

Publish.  See Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











[1]See Trevino v. State, 218 S.W.3d 234, 239 (Tex. App.CHouston
[14th Dist.] 2007, no pet.); Diaz v. State, 172 S.W.3d 668, 672 (Tex. App.CSan Antonio 2005, no pet.); Smart v. State, 153
S.W.3d 118, 120 (Tex. App.CBeaumont 2004, pet. ref=d).