02-10-041-CR















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00041-CR

 

 


 
 
 Manuel Cantu
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

------------

 

FROM THE
371st District Court OF Tarrant
COUNTY

------------

MEMORANDUM
OPINION[1]

----------

          Appellant Michael Cantu appeals the
trial court’s judgment adjudicating his guilt and imposing a six-year prison sentence
for deadly conduct.  We affirm.

          Appellant pleaded guilty to deadly
conduct––discharging a firearm at an individual––and received a six-year term
of deferred-adjudication community supervision. 
Five months later, Fort Worth police officers responding to a report of
shots fired at a bar saw a woman run out of the bar, point to a red Dodge
pickup truck, and exclaim, “That’s the truck, that’s the truck.”  The officers performed a felony stop of the
truck, which was driven by Appellant. 
Riding in the bed of the truck was self-reported gang member Christopher
Garza.  After taking Garza into custody,
the officers discovered a loaded Taurus nine-millimeter handgun under a bandana
in the truck bed.  

          The State petitioned to adjudicate Appellant’s
guilt and revoke his community supervision. 
Specifically, the State alleged that Appellant had violated the
conditions of his community supervision by, among other things, associating
with a person of harmful or disreputable character and remaining in a vehicle
with a firearm.  After a hearing, the trial
court granted the State’s petition and sentenced Appellant to six years’
confinement.

          In his first issue, Appellant contends
that the trial court violated his Sixth Amendment right to confrontation as set
out in Crawford v. Washington, 541
U.S. 36, 124 S. Ct. 1354 (2004), by admitting documentary evidence that
Appellant and Garza were both listed in Fort Worth Police Gang Unit reports as
having previously identified themselves as members of local street gangs.  State’s Exhibit 3 is a “Report on Subject
Cantu, Manuel [Appellant]” prepared by the Fort Worth Police Gang Unit.  Under the heading, “Gang Affiliation(s),”
appears the name of a local street gang and immediately underneath that, under
the heading “Criteria for Inclusion” appear the words “SELF
ADMISSION.”   State’s Exhibit 4 is a
similar report on “Garza, Christopher.” 
It also lists the name of a gang under the heading “Gang Affiliation(s)”
as well as “SELF ADMISSION” under the heading “Criteria for Inclusion.”

          The Texas Court of Criminal Appeals
has not considered whether the Confrontation Clause applies to community-supervision
revocation proceedings.  However, the
Supreme Court of Washington has held that it does not apply to that state’s
sentence-modification hearings, which are conducted after the state has alleged
that a probationer has violated conditions of his post-conviction “community
placement.”  See State v. Abd-Rahmaan,
111 P.3d 1157, 1158, 1160–61 (Wash. 2005).  Noting that the Confrontation Clause of the
Sixth Amendment explicitly applies to “criminal prosecutions’” and that,
“although an individual is guaranteed some rights in post-conviction hearings,
it is not the ‘full panoply of rights’ guaranteed a defendant in a criminal prosecution[,]” the court concluded that, “[b]y its own
terms, the guaranties of the Sixth Amendment do not apply in these
post-conviction settings but to ‘criminal prosecutions.’”  Id.


          Several federal circuit courts also have
held that Crawford
does not apply in parole revocation, supervised release or probation revocation
proceedings.  See Ash v. Reilly, 431 F.3d 826, 830 (D.C. Cir. 2005); United States v.Rondeau,
430 F.3d 44, 47–48 (1st Cir. 2005); United States v. Kirby, 418 F.3d 621,
627–28 (6th Cir. 2005); United States v. Aspinall, 389 F.3d 332,
342–43 (2d Cir. 2004), abrogation on
other grounds recognized by Clark v. Astrue, 602 F.3d 140 (2d Cir. 2010); United States v. Martin, 382 F.3d 840, 844 (8th Cir. 2004).

          Similarly, the United States District
Court for the Southern District of California held that Crawford does not apply in
an unsupervised-release revocation proceeding. 
United States v. Barraza, 318 F. Supp. 2d 1031, 1035  (S.D. Cal. 2004).  That court followed precedent of the Ninth
Circuit, which established the right to confrontation recognized in Morrissey v. Brewer, 408 U.S. 471, 92 S. Ct. 2593 (1972), as a due process
right emanating from the Fourteenth Amendment, not from the Sixth Amendment. See United
States v. Daniel, 209 F.3d 1091, 1093 (9th Cir.), cert. denied, 531 U.S. 999 (2000).

          Further, a number of our sister courts
have held that Crawford does not
apply to probation revocation proceedings. 
Trevino v. State,
218 S.W.3d 234, 239 (Tex. App.––Houston [14th Dist.] 2007, no pet.) (holding Crawford
does not apply to probation revocation hearings); Diaz v. State, 172 S.W.3d 668, 670 (Tex. App.––San Antonio 2005, no
pet.) (holding Crawford
does not apply to community-supervision revocation hearings); Smart v. State, 153 S.W.3d 118, 121 (Tex.
App.––Beaumont 2004, pet. ref’d), cert. denied, 546 U.S. 1016 (2005)
(same).

          But the case before us is an appeal
from a deferred-adjudication community-supervision-revocation proceeding.  Because at the time of an adjudication
hearing no conviction has occurred, it is unclear whether the prosecution of
the case has ended.  We have found only
one case that has addressed whether Crawford
applies to proceedings to determine whether a probationer placed on
deferred-adjudication community supervision should be adjudicated and have his
or her community supervision revoked.  See Mauro v. State, 235 S.W.3d 374,
375–76 (Tex. App.––Eastland 2007, pet. ref’d)
(holding Crawford does not apply to deferred-adjudication
community-supervision proceedings).

          We need not decide, however, whether Crawford applies to deferred
adjudication proceedings because even if it does, the challenged evidence in
this case does not fall within that class of evidence––testimonial
hearsay––that the Sixth Amendment prohibits without having the accusing witness
present or the defendant’s having had a prior opportunity to cross-examine
him.  See
Crawford, 541 U.S. at 53–54, 124 S. Ct. at 1365.  The evidence that Garza was listed in a gang
unit report as having self-identified as a gang member is not testimonial as to
Appellant because it does not accuse Appellant
of anything.  Therefore, the trial court
did not abuse its discretion to admit State’s Exhibit 4.  Further, the evidence that Appellant was
likewise listed as having self-identified as a gang member in a similar report is
not testimonial hearsay.  State’s Exhibit
3 is not accusatory because it does not accuse Appellant of doing anything for
which he might be prosecuted; it is a mere record that Appellant has claimed
membership in a gang.  At the first
level, it is an admission because Appellant is the declarant,
therefore, by definition, it is non-hearsay. Tex. R. Evid. 801(e)(2)(A).  And at the next level, Appellant’s admission
that he was a gang member is non-hearsay because it was not offered for the
truth of the matter asserted––that Appellant was a gang member––but rather for
the fact that he is listed in a report as having claimed gang membership.  Tex. R. Evid.
801(c).  Because
we hold that the challenged evidence does not fall within the class of evidence
prohibited by the Sixth Amendment as interpreted by Crawford, we overrule Appellant’s first issue.   See Crawford, 541 U.S. at 53–54, 124 S.
Ct.  at 1365.

          In his second and third issues,
Appellant contends that the evidence is insufficient to support the trial
court’s finding that he violated the conditions of his community supervision.

          The decision to proceed to an
adjudication of guilt and revoke deferred adjudication community supervision is
reviewable in the same manner as a revocation of ordinary community
supervision.  Tex. Code
Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2010).  We review an order revoking community
supervision under an abuse of discretion standard.  Rickels
v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); Cardona v.
State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); Cherry v. State,
215 S.W.3d 917, 919 (Tex. App.CFort
Worth 2007, pet. ref=d).  In a revocation proceeding, the State must
prove by a preponderance of the evidence that the defendant violated the terms
and conditions of community supervision. 
Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim.
App. 1993); Cherry, 215 S.W.3d at 919.  The trial court is the sole judge of the
credibility of the witnesses and the weight to be given their testimony, and we
review the evidence in the light most favorable to the trial court=s
ruling.  Cardona,
665 S.W.2d at 493; Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim.
App. [Panel Op.] 1981); Cherry, 215 S.W.3d at 919.  If the State fails to meet its burden of
proof, the trial court abuses its discretion in revoking the community
supervision.  Cardona, 665 S.W.2d at 493–94. 
Proof by a preponderance of the evidence of any one of the
alleged violations of the conditions of community supervision is sufficient to
support a revocation order.  Moore v.
State, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); Sanchez
v. State, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); Leach
v. State, 170 S.W.3d 669, 672 (Tex. App.CFort
Worth 2005, pet. ref’d.).

          Viewed in the light most favorable to
the judgment, the evidence shows that Appellant was on deferred adjudication for
discharging a weapon at or in the direction of a habitation when the truck he
was driving was stopped by police who had responded to a shots-fired call at a
bar.  When the officers arrived, they
observed the truck driven by Appellant leaving the location and a woman running
out of the bar, pointing at Appellant’s truck, and exclaiming, “That’s the
truck.  That’s the truck.”  Within six inches of where Garza, a
self-admitted gang member, was riding in the bed of the truck at the time it
was stopped, officers found a loaded nine-millimeter handgun hidden under a
bandana.  It is undisputed that Appellant
and Garza appeared to know each other. 
From this evidence, it is not outside the zone of reasonable
disagreement for the trial court to have believed and found that it was more
than likely that Appellant had known that Garza was a person of harmful or
disreputable character or that Appellant had remained in a vehicle with a
weapon.  Either of these findings would
support the trial court’s order adjudicating Appellant’s guilt and revoking his
community supervision.  Thus, there is no
error in the trial court’s judgment. 
Appellant’s second and third issues are overruled.

          Having overruled all of Appellant’s
issues, the trial court’s judgment is affirmed.

 

LEE GABRIEL

JUSTICE

 

PANEL:  DAUPHINOT, WALKER, and
GABRIEL,
JJ.

 

PUBLISH

 

DELIVERED:  February 3, 2011











[1]See Tex. R. App. P. 47.4.