

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0251-22

**CALLIE RENEE INMAN, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### GALVESTON COUNTY

KEEL, J., filed a dissenting opinion in which KELLER, P.J., YEARY, and SLAUGHTER, JJ., joined.

### DISSENTING OPINION

We granted Appellant's petition for discretionary review to decide whether the Confrontation Clause applies in hearings on motions to adjudicate. The majority dismisses it as improvidently granted, but that's a mistake.

Our decision to grant was judicious because the lower court decided the confrontation issue on its merits, and there is a split among the courts of appeals on that

point. *Inman v. State*, No. 13-20-00349-CR, 2022 WL 709832, at \*2–3 (Tex. App.—Corpus Christi-Edinburg March 10, 2022) (mem op., not designated for publication) (holding that the Confrontation Clause does not apply in adjudication hearings); *compare Mauro v. State*, 235 S.W.3d 374, 375–76 (Tex. App.—Eastland 2007, pet. ref'd) (same), *Diaz v. State*, 172 S.W.3d 668, 673 (Tex. App.—San Antonio, 2005, no pet.) (same), *and Smart v. State*, 153 S.W.3d 118, 121 (Tex. App.—Beaumont 2004, pet. ref'd) (same), *with Perez v. State*, No. 13-14-00300-CR, 2015 WL 4234236, at \*1 n. 2 (Tex. App.—Corpus Christi-Edinburg July 9, 2015, no pet.) (mem. op., not designated for publication) (holding that the Confrontation Clause applies in revocation hearings), *and Hughes v. State*, 651 S.W.3d 461, 470 (Tex. App.—Houston [14th Dist.] Mar. 15, 2022, pet. granted) (same).

Our purpose in granting review was to resolve the split among the courts of appeals. Rather than abandon that purpose, we should address the merits of the issue and resolve the split among the courts of appeals. Since the majority does otherwise, I respectfully dissent.

Filed: May 17, 2023

Do Not Publish