**KIRKTOWN HOMES ASSOCIATION,**
**Appellant,**

**v.**

**Barbara AREY, Respondent.**

**No. WD 43922.**

Missouri Court of Appeals,
Western District.

June 25, 1991.

John R. Campbell, Kansas City, for appellant.

Kathleen Matthews, Kansas City, for respondent.

Before LOWENSTEIN, P.J., and TURNAGE and FENNER, JJ.

FENNER, Judge.

Appellant, Kirktown Homes Association, appeals from the judgment entered in this court tried case. At trial, Kirktown sought to recover on its petition against Respondent, Barbara Arey, for past due monthly Homes Association assessments.

Barbara Arey is a member of the Kirktown Homes Association as an owner of a townhouse in the Kirktown townhouse development. The Homes Association presented evidence to show that Ms. Arey owed the Homes Association a total of $4,045.62 in dues, attorney's fees and interest.

Ms. Arey did not deny that she failed to pay the Homes Association assessments due under the association's covenants and restrictions. In answer to the Homes Association's petition, Ms. Arey asserted that the Homes Association had breached its covenants and restrictions by not maintaining the exterior of her townhouse. In her Answer, she claimed this breach rendered the covenants and restrictions void and unenforceable.

At trial, the evidence was that the roof of Ms. Arey's townhouse began to leak sometime in 1983. Although the Homes Association was responsible under its covenants and restrictions for exterior maintenance, Ms. Arey testified that the leak in her roof was not repaired in a timely manner. Ms. Arey testified that she first requested that her roof be repaired in 1983 and that the problem had still not been corrected in 1986. Ms. Arey's evidence was that she suffered damage to the interior of her townhouse in the amount of $5,000 as a result of the association's failure to repair her roof.

At the conclusion of the trial, the court entered judgment directing that the Homes Association recover nothing on its petition. No findings of fact or conclusions of law were requested or entered.

On appeal, the Homes Association argues 1) that the trial court's judgment is against the weight of the evidence because the amount due from Ms. Arey was uncontroverted; 2) Ms. Arey had an unconditional duty to pay the maintenance assessment under the covenants and restrictions regardless of whether her roof was repaired; and 3) that to reform or cancel the covenants and restrictions there must be evidence of fraud or mistake which was neither pleaded or proved.

■ In a court tried case the judgment of the trial court will be sustained on appeal unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is against the weight of the evidence with caution and with a firm belief that it is wrong. *Id.* Where the trial court in a jury-waived case makes no findings of fact with respect to a particular issue, the Court of Appeals will resolve all fact issues in accordance with court's judgment and will affirm it if it can be supported on any theory of law in accordance with the evidence. V.A.M.R. 73.01(a)(2). *Young v. Ray America, Inc.*, 673 S.W.2d 74, 78 (Mo. App.1984).

■ Ms. Arey argues on appeal that her evidence at trial presented a valid counterclaim for damages to the interior of her townhouse. Rule 55.33(b) provides that when issues not raised by the pleadings are tried by express or implied consent of the parties, they are to be treated in all respects as if they had been raised in the pleadings.

The evidence at trial was in the nature of a counterclaim by Ms. Arey for damages to the interior of her townhouse as she argues. It was not against the weight of the evidence for the trial court to believe that Ms. Arey suffered damage to her townhouse and to consider her damages as a setoff against the unpaid assessments due the Homes Association.

Appellant's second and third points assume that the trial court found that the assessments against Ms. Arey by the

Homes Association were either not due and owing or that the covenants were unenforceable. While it is true that the evidence did not support such findings, neither of these determinations were necessary for the trial court to reach the result arrived at in its order. The evidence does support the trial court's order by considering Ms. Arey's counterclaim as a setoff against the amount otherwise due the Homes Association at the time of trial.

The judgment of the trial court is affirmed.

All concur.