**Kristen RECSNIK,**
**Plaintiff/Respondent,**

v.

**RETIREMENT TIME INSURANCE,**
**LLC, Defendant/Appellant.**

**No. ED 91696.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 28, 2009.

Kristen Recsnik, Saint Louis, MO, for Plaintiff/Respondent.

James Norton Foster, Jr., Patricia M. McFall, Brian Chaney Hey, St. Louis, MO, for Defendant/Appellant.

SHERRI B. SULLIVAN, J.

*Introduction*

Retirement Time Insurance, LLC (RTI) appeals from the trial court's judgment in favor of Kristen Recsnik (Recsnik) and against RTI in the amount of $2,875.00 for unpaid commissions. We affirm as modified.

*Factual and Procedural Background*

On November 21, 2007, Recsnik filed a petition against RTI in the Small Claims Court of the Circuit Court of St. Charles County seeking $2,875.00 in initial and renewal commissions paid to RTI on polices sold by her. The court entered judgment in favor of Recsnik for $3,000, plus court courts. RTI filed an application for trial *de novo* in the St. Charles County Circuit Court. During trial before the Circuit Court, the following evidence was presented.

On November 1, 2006, Recsnik entered into an agency agreement (Agreement) with RTI, in which Recsnik agreed to work for RTI as an independent insurance agent. The contract provided that RTI pay Recsnik commissions on policies procured by Recsnik. The contract further provided that:

(A) Upon the termination of AGENT'S association with the AGENCY under this AGREEMENT, the AGENT shall continue to receive commissions as said commissions are received by the AGENCY from the COMPANIES (less reductions, offsets, and any indebtedness or liability owed the AGENCY), provided AGENT has provided services under this Agreement for at least twenty-four (24) consecutive calendar months and also, during said period of time, has written insurance policies issued by the COMPANIES totaling Fifty Thousand Dollars ($50,000) in annualized premiums.

At the time Recsnik entered into the Agreement, she was not licensed to sell insurance and did not become licensed to do so until several days later on November 7, 2006. The record is unclear, but at some point between December 2006 and

February 2007, Recsnik resigned from RTI.

Recsnik sold ten policies during her employment with RTI. Recsnik testified she was paid $1,850 for five of those policies, including those she sold to Salvatore Mazzamuto, Lucretia Mazzamuto, James Bateman, Ruth Bateman, and Michael Lombardo. Recsnik testified she had not been paid any commission for the five policies she sold to Lavone Cowen, John Layton, Joyce Chandler, Eleanor Streib and Russell Streib. The commission on each of these policies was $350, amounting to a total of $1,750. Recsnik was seeking payment by RTI for the initial commissions on the five policies she had not been paid for and the renewal commissions on the nine policies that had been renewed.

Denise Lupo, RTI's office manager and corporate officer, testified that although the Agreement had been signed on November 1, 2006, she subsequently changed the contract's signature date to November 11, 2006 to reflect the date she mailed a copy of the contract to Recsnik.

On July 23, 2008, the Circuit Court entered its Judgment and Order finding in favor of Recsnik and against RTI in the amount of $2,875.00, plus court costs of $28.00. This appeal follows.

### Point on Appeal

On appeal, RTI argues the trial court erred in entering judgment in favor of Recsnik because the court failed to enforce the Agreement, in that the court awarded Recsnik commissions on renewals collected by RTI after Recsnik's resignation despite the Agreement's provision stating an agent employed less than 24 months is not entitled to commissions on renewals after termination of her employment.

### Standard of Review

In a court-tried case, we will sustain the trial court's judgment unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). However, the interpretation of a contract is a question of law which we review *de novo*. *Monsanto Co. v. Syngenta Seeds, Inc.*, 226 S.W.3d 227, 230 (Mo. App. E.D.2007).

### Discussion

First, we address Recsnik's contention she is not bound by the Agreement's renewal provision. The sections of the Missouri Code of State Regulations cited by Recsnik, 20 CSR 700–1.050 and 700–1.130, do not support her argument that the Agreement is void. While these sections govern insurance producers and licensing, nothing in them suggests that a party is relieved of their contractual obligations simply because they entered into an agreement to sell insurance before they were properly licensed. Recsnik did not sell any policies between the time she signed the Agreement and the time she became licensed. Although Recsnik was not licensed at the time of signing the Agreement, she could still enter into a binding contract with RTI.

In addition, Lupo's act of changing the signature date of the contract does not void the contract. For a contract to be invalidated by an alteration, the alteration must be material to the contract. *Robb v. N.W. Elec. Power Co-op.*, 297 S.W.2d 385, 388 (Mo.1957). "A material alteration is one which so changes the terms of the instrument as to give it a different legal effect from that which it originally had, and thus works some change in the rights, interest, or obligations of the parties." *Bank of Moberly v. Meals,* 316 Mo. 1158,

295 S.W. 73, 77 (1927). Here, Lupo's act of changing the signature date did not alter any of the parties' rights, interest, or obligations under the contract and, thus, did not void the contract.

■ Next, we address RTI's contention that the trial court erred in awarding Recsnik commissions on renewals after her resignation and in failing to enforce the Agreement's provision that agents employed less than 24 months are not entitled to commissions on renewals after termination.

The Agreement states that upon Recsnik's termination of employment with RTI, she is entitled to receive renewal commissions provided she was employed under the Agreement for at least 24 consecutive calendar months. Although the exact date of Recsnik's resignation is unclear, it is clear that she worked for RTI for less than 4 months, well under the 24 months necessary under the Agreement. As such, Recsnik is not entitled to receive renewal commissions on the policies she sold, and the trial court erred in awarding Recsnik such commissions.

■ Recsnik, however, also presented evidence at trial that she was not paid $1,750 in initial commissions on five of the ten policies she sold during her tenure at RTI. RTI does not identify any basis for denying Recsnik these commissions based on the Agreement. We find that portion of the trial court's award to Recsnik accounting for $1,750 in initial commissions is supported by substantial evidence.

## Conclusion

The judgment of the trial court in favor of Recsnik is affirmed as modified, to wit: judgment is entered in favor of Recsnik

and against RTI in the amount of $1,750, plus $28.00 in trial court costs.

ROBERT G. DOWD, JR., P.J., and CLIFFORD H. AHRENS, J. concur.