Merrick, J.
This is an appeal from a jury verdict in favor of the plaintiff, Kathleen Munro, Trustee of Goode Realty Trust (“Munro”), the owner of condominium unit No. 7, against Elizabeth Jordan, Roger Lowe, and Francis Sandonato, Trustees of the Sunny Lea at Quincy Square Condominium Trust (‘Trustees”), the trustees of the condominium building at 195 Thomas Burgin Parkway in Quincy. The complaint alleged, in counts for negligence and breach of contract, that unit No. 7 repeatedly suffered water damage, requiring repair and rendering the unit uninhabitable, and that the damage was caused by the Trustees’ negligence in failing to perform their duty to maintain the exterior masonry walls and roof of the building. Under the condominium documents, the Trustees had the duty to maintain common areas, defined as including a unit’s roof and the exterior, but, somewhat unusually, not the windows, which were entirely the responsibility of the unit owner.
On or about November 8, 2005, Munro discovered water damage on the interior of an exterior wall of her unit that was so extensive that the wall was deteriorating and mold had formed. The tenant of the unit, Munro’s sister, vacated the premises, and the unit remained uninhabitable for a period of time. Munro complained to the Trustees’ management company, which was unable to determine the cause of the leak. In December of 2005, the Trustees’ managemeht company notified them that a number of units had been leaking and that an engineer had been hired by the management company on behalf of the Trustees to inspect the property. On December 29, 2005, that engineer, a Mr. Buckley from Briggs and Co., inspected the property. He opined that the leaks were the result of old windows, cracked and spalled masonry walls, and an old roof. Munro repaired some of her unit’s interior damage, but did not feel she could have the job completely repaired because leaking was continuing. Athough Munro had replaced her own windows in 2002, the Trustees told her to make claim against her upstairs neighbor whose windows had not been replaced. The roof was repaired in early 2007.
After this action was commenced, the Trustees moved to dismiss the contract *2 count on the ground that the parties did not have a contract. The judge denied that motion. A jury found for Munro against the Trustees on the contract count, but in favor of the Trustees on the negligence count. The Trustees filed this appeal, arguing that (1) there was no basis for a contract count against them, and (2) the evidence was insufficient to support a verdict that the water damage resulted from their failure to maintain the roof and exterior walls as opposed to another unit owner’s failure to maintain his windows.
1. The Trustees argue that the obligation to maintain the roof is not a contract, but a covenant. Of course, a covenant is a contract, or at least part of one. See Black’s Law Dictionary, 391 (8th ed. 2004) (defining “covenant” as “[a] formal agreement or promise, usu. in a contract”). The undertaking to maintain the common areas is an affirmative covenant. “An affirmative covenant, as opposed to a restrictive one, does not restrict the use of the land in question, but instead, imposes a duty on a party to the agreement to perform an affirmative act.” Hills v. Greenfield Village Homes Ass’n, Inc., 956 S.W.2d 344, 348 (Mo. App. 1997). The scope of the duty and the existence of a breach under an affirmative covenant are determined by the rules of contract construction. Id. at 349.
While the obligation of the condominium Trustees to maintain and repair the common elements of the property in the present case was created by contract, a breach of that obligation may provide a basis for an action in tort. O’Brien v. Christensen, 422 Mass. 281, 286-287 (1996). A unit owner may maintain such a suit against the Trustees. Berish v. Bornstein, 437 Mass. 252, 265 n.26 (2002). “Although the duty arises out of the contract and is measured by its terms, negligence in the manner of performing that duty as distinguished from mere failure to perform it, causing damage, is a tort.” Abrams v. Factory Mut. Liab. Ins. Co., 298 Mass. 141, 144 (1937).
“There is little practical difference between the elements of proof in a tort action for negligence and a contract action for the negligent provision of ... services.” Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 439 Mass. 387, 397 n.7 (2003). 'The distinction between tort and contract liability, as between parties to a contract, has become an increasingly difficult distinction to make.” Id., quoting W.L. PROSSER & W.P. KEETON, TORTS §92, at 655 (5th ed. 1984). The same negligent failure to satisfy a promise may constitute both a breach of contract and negligence. Hartford Cas. Ins. Co. v. New Hampshire Ins. Co., 417 Mass. 115, 118 (1994). The distinction becomes important only when there are issues distinguishing the causes of action, such as limitation of actions or comparative negligence. No such issue is present here.
Ordinarily, claims under both contract and tort can be combined in a single verdict if there are no issues peculiar to one, such as comparative negligence. The question for counsel considering whether to seek more than one verdict is: what is the issue in one claim not presented in the other? Because of the Trustees’ idiosyncratic view in this case that a claim between parties to condominium documents does not sound in contract, that practice of combining the claims in a single verdict was not followed here. However, the dismissal of the contract claim was properly denied, and the submission of that claim to the jury was proper.
At the trial in February of 2008, Mr. Buckley, the expert retained in 2005 by the Trustees, was called as a witness by Munro. He testified, consistently with his *3 report, that the interior water damage had been caused by the unmaintained condition of the exterior masonry walls, the aged windows that had not been replaced in other units, and the roof. He was unable to specify further. The Trustees argue that, based on Buckley’s opinion, it cannot be said that the roof, for which they were responsible, was the source of the water damage, as alleged by Munro, as opposed to the windows, the responsibility of other owners, or, for that matter, the walls, also the responsibility of the Trustees. That is true, as far as it goes. But the jury had other circumstantial evidence, including the testimony of percipient witnesses, photographs, and repair documents. Most particularly, there was evidence that (1) the roof repairs included removal of old rubber that had been holding water on the front and rear left of the building, above Munro’s apartment in the front left of the building, and (2) the roof repairs were not done until early 2007, but after that the leaking in Munro’s apartment ceased. This is not simply a case of post hoc, ergo propter hoc. All the evidence together, taken in the light most favorable to Munro, permitted the conclusion that the water damage to her condominium unit was due in substantial part to the condition of the roof.
Judgment affirmed.
So ordered.