

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00050-CR

JERRY LEE PICKINS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

## FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY
## TRIAL COURT NO. 54,700-A

----------

## MEMORANDUM OPINION[1]

----------

On November 21, 2014, the district court, pursuant to a plea agreement, adjudicated appellant Jerry Lee Pickins guilty of assaulting a person with whom he had a dating relationship by impeding her normal breathing or circulation of the blood and placed him on community supervision for five years. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2)(B) (West Supp. 2017). Nearly six months

---

[1]*See* Tex. R. App. P. 47.4.

later, the State filed a motion to revoke, alleging that Pickins had violated several of his community supervision terms. Following a hearing, the trial court revoked Pickins's community supervision and sentenced him to three years' confinement. Pickins appeals in four points. We affirm.

## I. BACKGROUND

On January 27, 2015, Wichita County Sherriff's Office Sergeant Eric Wisch pulled Pickins over for a broken tail light. Sergeant Wisch learned that Pickins had an outstanding warrant for a parole violation in Arkansas, so Sergeant Wisch arrested him and, pursuant to department policy, took steps to impound his car. Sergeant Wisch conducted an inventory search of the car and found prescription pills. Pickins told Sergeant Wisch that the pills belonged to him, that he did not have a prescription for them, and that he gave them out to people he knew.

In its motion to revoke, the State alleged that Pickins had violated several of his community supervision terms. Specifically, the State alleged that Pickins had committed the criminal offense of possessing a dangerous drug; failed to completely abstain from the use or possession of drugs and alcohol; failed to report to his community supervision officer on three separate occasions; failed to pay costs relating to his drug testing; failed to provide his community supervision officer with proof that he had completed at least ten hours of community service during each month of his supervision; failed to pay two fees associated with his community supervision; and failed to attend a community supervision orientation within sixty days of his being placed on community supervision.

2

On February 3, 2017, the trial court held a hearing on the State's motion to revoke.[2]  Following the hearing, the trial court revoked Pickins's community supervision, having found all of the State's allegations true except for its allegation that Pickins had failed to completely abstain from the use or possession of drugs and alcohol.

## II.  THE CONFRONTATION CLAUSE DID NOT APPLY IN PICKINS'S REVOCATION PROCEEDING

In his first point, Pickins contends the trial court erred by denying his right to confrontation under the federal and state constitutions.  *See* U.S. Const. amend. VI; Tex. Const. art. I, § 10.  During the revocation hearing, Pickins's community supervision officer, Officer Liz Quinonez, testified.  Officer Quinonez had not been assigned to Pickins's case until December 16, 2016, and thus she testified in part from information reflected in his community supervision records that had been recorded by other individuals.  Pickins objected to Officer Quinonez's testifying from these records, arguing in part that such testimony deprived him of his constitutional right to cross-examine and confront his accuser.  The trial court overruled that objection.

We first note that Pickins did not segregate into separate grounds his complaints based on the federal Constitution and the Texas constitution and

_____

[2]The nearly two-year delay between the time the State filed its motion to revoke and the time of the revocation hearing appears to have occurred because Pickins had been extradited to Arkansas following his January 27, 2015 arrest in Texas.  Pickins served a sentence in Arkansas and was released on December 4, 2015.  He was arrested again in Illinois on August 19, 2016.

3

provide individual substantive analysis and authorities to support his state constitutional arguments. Thus, he has waived his arguments to the extent they are grounded on the Texas constitution, and we need not address those arguments. *See Lilly v. State*, 365 S.W.3d 321, 326 (Tex. Crim. App. 2012); *Merrick v. State*, No. 02-17-00035-CR, 2018 WL 651375, at *4 (Tex. App.—Fort Worth Feb. 1, 2018, pet. ref'd). We therefore focus our analysis on Pickins's arguments based on the federal Constitution's Confrontation Clause.

Pickins argues the trial court's admission of the portions of Officer Quinonez's testimony that she based on hearsay statements reflected in his community supervision records violated the Confrontation Clause. Pickins faces the initial hurdle of demonstrating the Confrontation Clause applied to the challenged statements. That clause applied only if the revocation proceeding was a "criminal prosecution" within the meaning of the Sixth Amendment and the out-of-court statements Officer Quinonez relayed were themselves testimonial hearsay. *See* U.S. Const. amend. VI (providing that "[i]n all *criminal prosecutions*, the accused shall enjoy the right . . . to be confronted with the witnesses against him" (emphasis added)); *Sanchez v. State*, 354 S.W.3d 476, 485 (Tex. Crim. App. 2011) ("The Sixth Amendment does not bar the admission of non-testimonial hearsay." (citing *Michigan v. Bryant*, 562 U.S. 344, 354 (2011))). Whether the Confrontation Clause applies to a revocation proceeding and whether a particular hearsay statement is testimonial in nature are both questions that are subject to de novo review. *See Wall v. State*, 184 S.W.3d

4

730, 742 (Tex. Crim. App. 2006); *Diaz v. State*, 172 S.W.3d 668, 669 (Tex. App.—San Antonio 2005, no pet.).

Although whether challenged hearsay statements are testimonial in nature is the threshold question in any Confrontation Clause analysis, neither Pickins nor the State addressed that question with respect to the statements Pickins challenges here either in the trial court or in their briefing in this court. *See Gongora v. State*, 214 S.W.3d 58, 62 (Tex. App.—Fort Worth 2006, pet. ref'd) (noting "the threshold question in any Confrontation Clause analysis is whether the statements at issue are testimonial or non-testimonial in nature"). Our failure to consider whether the hearsay statements Pickins challenges are testimonial, however, could result in an advisory opinion. That is so because, as we have noted, the Confrontation Clause applies only to hearsay statements that are testimonial in nature. *See Sanchez*, 354 S.W.3d at 485; *Infante v. State*, 404 S.W.3d 656, 664 (Tex. App.—Houston [1st Dist.] 2012, no pet.). Therefore, if the hearsay statements at issue here are not testimonial in nature, then rendering an opinion holding the Confrontation Clause applicable in community supervision revocation proceedings as Pickins asks us to do would have no bearing on the disposition of his first point. Such an opinion would be advisory. *See Dix v. State*, 289 S.W.3d 333, 335 (Tex. App.—Eastland 2009, pet. ref'd). So we begin our analysis by considering the question of whether the hearsay statements Pickins challenges were testimonial in nature. *See Gilbert v. State*, No. 07-16-00378-CR, 2017 WL 4872787, at *2 (Tex. App.—Amarillo Oct. 25,

5

2017, pet. ref'd) (mem. op., not designated for publication) (declining appellant's invitation to broadly hold the Confrontation Clause applicable in a pretrial suppression hearing without addressing whether the challenged statements were testimonial).

It turns out that is not a difficult task here. Once a defendant objects to the admission of evidence on Confrontation Clause grounds, the burden shifts to the State, as the proponent of the objected-to evidence, to establish its admissibility. *De La Paz v. State*, 273 S.W.3d 671, 680 (Tex. Crim. App. 2008). To do so, the State must establish that the proffered evidence either (1) does not contain testimonial hearsay statements or (2) does contain testimonial hearsay statements but that such statements are nevertheless admissible under *Crawford v. Washington*, 541 U.S. 36 (2004). *De La Paz*, 273 S.W.3d at 680–81. If the State fails to meet its burden, then the Confrontation Clause—if the proceeding is one in which that clause applies—bars admission of the evidence. *See id.* Here, Pickins objected to several out-of-court statements Officer Quinonez relayed in her testimony, but the trial court overruled those objections before the State offered any response, and the State never attempted to satisfy its burden by explaining on the record why the objected-to evidence was admissible. The State therefore failed to meet its burden under *De La Paz*. *See Langham v. State*, 305 S.W.3d 568, 580 n.40 (Tex. Crim. App. 2010). Accordingly, the Confrontation Clause would bar the admission of that evidence unless, as the State now argues, that clause does not apply in a community supervision

6

revocation proceeding.[3]  *See De La Paz*, 273 S.W.3d at 681.  We turn now to that question.

Pickins argues the Confrontation Clause applies to a community supervision revocation proceeding.  In response, the State points us to a line of cases holding the Confrontation Clause inapplicable in a revocation proceeding because it is not a stage of a criminal prosecution under the Sixth Amendment. *See Mauro v. State*, 235 S.W.3d 374, 375–76 (Tex. App.—Eastland 2007, pet. ref'd); *Trevino v. State*, 218 S.W.3d 234, 239 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Diaz*, 172 S.W.3d at 672; *Smart v. State*, 153 S.W.3d 118, 120–21 (Tex. App.—Beaumont 2004, pet. ref'd).  Pickins acknowledges these cases but argues their respective holdings were based on court of criminal appeals precedent that characterized revocation proceedings as administrative hearings rather than criminal trials.  *See, e.g.*, *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Bradley v. State*, 564 S.W.2d 727, 729 (Tex. Crim. App. 1978). Pickins argues the court of criminal appeals disavowed its characterization of revocation proceedings as administrative in *Ex parte Doan* and instead held that they are judicial proceedings that are subject to the rules governing judicial

---

[3]We emphasize that our conclusion that the Confrontation Clause, if applicable in a community supervision revocation proceeding, would bar the admission of the portions of Officer Quinonez's testimony that Pickins objected to is necessitated in this case simply and solely by the State's failure to meet its burden under *De La Paz*.  We need not and do not address whether community supervision records contain, in whole or in part, categorically or otherwise, testimonial hearsay.

7

proceedings. *See* 369 S.W.3d 205, 212 (Tex. Crim. App. 2012). Pickins asserts that by doing so, *Doan* "dramatically changed the landscape of community supervision revocation hearings" such that the Confrontation Clause, which previously did not apply to such proceedings, now does apply. We disagree.

The starting point for our analysis is the text of the Sixth Amendment's Confrontation Clause. In pertinent part, the Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. Thus, based on its text, whether the Confrontation Clause applies in a community supervision revocation proceeding turns not on whether such a proceeding is a judicial proceeding as opposed to an administrative one but rather on whether such a proceeding is a "criminal prosecution." *See id.*; *see also United States v. Reese*, 775 F.3d 1327, 1329 (11th Cir. 2015) (stating the Sixth Amendment applies only to criminal prosecutions).

The line of cases the State points to concluded that a community supervision revocation proceeding is not a stage of a criminal prosecution. *See Mauro*, 235 S.W.3d at 376; *Trevino*, 218 S.W.3d at 239; *Diaz*, 172 S.W.3d at 672; *Smart*, 153 S.W.3d at 120–21. Pickins implicitly argues that these cases all based their conclusions on prior court of criminal appeals decisions characterizing community supervision revocation proceedings as administrative. At least two of our sister courts have suggested that as well. *See Bacilio v. State*, No. 08-14-00096-CR, 2016 WL 1253420, at *3 (Tex. App.—El Paso Mar.

8

30, 2016, pet. ref'd) (mem. op., not designated for publication); *Blackman v. State*, No. 01-12-00525-CR, 2014 WL 50804, at *2–3 (Tex. App.—Houston [1st Dist.] Jan. 7, 2014, pet. ref'd) (mem. op., not designated for publication).  But this is not so.  Of the four cases the State cited, only *Smart* references court of criminal appeals cases characterizing community supervision revocation proceedings as administrative.  *See Smart*, 153 S.W.3d at 120.  And *Smart* did not base its holding only on the proposition that such proceedings are administrative.  To the contrary, it relied principally on two decisions from the United States Supreme Court—and other federal and Texas cases applying those two decisions—for the proposition that parole and probation revocation proceedings are not stages of a criminal prosecution.  *See id.* at 120 (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972); *United States v. Aspinall*, 389 F.3d 332, 342–43 (2d Cir. 2004)).

We agree with the Dallas court of appeals that *Doan* did not undercut the line of Texas cases holding that a community supervision revocation proceeding is not a stage of a criminal prosecution.  *See Roberts v. State*, No. 05-16-00338-CR, 2017 WL 461354, at *2–3 (Tex. App.—Dallas Jan. 24, 2017, pet. ref'd, untimely filed) (mem. op., not designated for publication).  While *Doan* did hold that community supervision revocation proceedings are judicial proceedings and not administrative ones, *see Doan*, 369 S.W.3d at 212, it "did not go so far as to say a revocation proceeding is a criminal prosecution" and did not "state, [or]

9

even address, whether such a proceeding is a 'criminal prosecution' under the Sixth Amendment," *Roberts*, 2017 WL 461354, at *3.

The United States Supreme Court has stated that parole and probation revocation proceedings are not criminal prosecutions. *Scarpelli*, 411 U.S. at 782; *Morrissey*, 408 U.S. at 480. Based on that proposition, at least nine of the United States Circuit Courts of Appeals have concluded that the Sixth Amendment does not apply in hearings for the revocation of supervised release, probation, or parole. *See Reese*, 775 F.3d at 1329 (collecting cases). As noted above, Texas intermediate appellate courts have held likewise, and contrary to Pickins's contention, the court of criminal appeals' decision in *Doan* did not undermine those holdings. Agreeing with the overwhelming weight of authority, therefore, we conclude that a community supervision revocation proceeding is not a stage of a criminal prosecution. Accordingly, the Confrontation Clause is inapplicable in those proceedings, and the trial court did not err by overruling Pickins's objections based on that clause and admitting Officer Quinonez's challenged testimony.

We overrule Pickins's first point.

### III. THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY REVOKING PICKINS'S COMMUNITY SUPERVISION

In his second and third points, Pickins contends the trial court erred by admitting other pieces of evidence at his revocation hearing. And in his fourth point, Pickins argues that if the trial court had not admitted any of the evidence

10

he challenged in his first three points, there would be insufficient evidence to find that he violated any of his community supervision terms. As explained below, Officer Quinonez's testimony, which we held admissible in our resolution of Pickins's first point, is alone sufficient to support the trial court's revocation decision. We therefore overrule Pickins's fourth point and do not reach his second and third points. *See* Tex. R. App. P. 47.1.

We review an order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Cardona*, 665 S.W.2d at 493–94.

The State alleged Pickins violated several of his community supervision terms, but the trial court could have revoked his community supervision if it found the State proved any single alleged violation. *See Clay v. State*, 361 S.W.3d

11

762, 765 (Tex. App.—Fort Worth 2012, no pet.). Among the terms the State alleged Pickins violated were the requirements that he

- report to the community supervision department immediately after the hearing at which he was placed on community supervision and every month thereafter while he was on community supervision;

- attend an orientation meeting conducted by the community supervision department within sixty days of being placed on community supervision;

- complete fifty hours of community service and provide his supervision officer with written proof of his community service hours; and

- pay the community supervision department a $50 per month supervision fee while he was on community supervision.

Officer Quinonez testified that Pickins's community supervision records reflected he did not report to the community supervision department in November 2014, January 2015, February 2015, or March 2015. She testified that Pickins had informed her that he was released from jail in Arkansas in December 2015; that after his release in December 2015, he had informed another community supervision officer that he was in Wichita Falls; and that his community supervision records did not reflect he had attempted to report to the community supervision department at any time after December 2015. She further testified that Pickins did not attend his community supervision orientation meeting. She testified that Pickins had never provided the community service department with proof of any community service hours he had completed and that as of the time of the revocation hearing, Pickins was behind on his community service

12

requirement by a total of fifty hours—in other words, he was behind on all of it. And she testified that Pickins did not pay his monthly $50 community supervision fee and that Pickins had told her that he was able to work and was employed.

The above testimony supports the trial court's findings that Pickins violated all four of the community supervision terms set forth above and, thus, its revocation order.  *See Clay*, 361 S.W.3d at 765.

## IV.  CONCLUSION

Having overruled Pickins's first and fourth points, which are dispositive of this appeal, we affirm the trial court's judgment without addressing his remaining points.  *See* Tex. R. App. P. 43.2(a), 47.1.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 19, 2018