**Affirmed as Modified and Opinion Filed January 24, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00338-CR

### RONDRAE TRAMAINE ROBERTS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 1
### Dallas County, Texas
### Trial Court Cause No. F-1370469-H

## MEMORANDUM OPINION
Before Justices Francis, Fillmore, and Stoddart
Opinion by Justice Francis

Rondrae Tramaine Roberts appeals the trial court's judgment adjudicating him guilty and sentencing him to ten years in prison. In two issues, appellant challenges the admission of a probation officer's testimony and the sufficiency of the evidence to show he violated conditions of his community supervision. For reasons discussed below, we conclude both issues are without merit. On our own motion, we modify the trial court's judgment to reflect appellant pleaded not true to the allegations in the motion to adjudicate. We affirm the judgment as modified.

Appellant was indicted on a charge of aggravated robbery with a deadly weapon. He waived his right to a jury trial, pleaded guilty, and judicially confessed to the offense. The trial court deferred a finding of guilt and placed appellant on community supervision for ten years.

Fifteen months later, the State filed a motion to revoke probation or proceed with an adjudication of guilt, alleging appellant had violated seven conditions of his community supervision, including failure to report in November 2014, December 2014, and January 2015.

A contested revocation hearing was held. Appellant pleaded not true to the allegations in the State's motion. To prove the allegations, the State presented the testimony of Jennifer Vavrick, a Dallas County probation officer assigned to Criminal District Court No. 1. Vavrick testified she was record custodian and had access to the information contained in appellant's probation record. She did not, however, have personal knowledge of the data entries. Appellant objected to Vavrick testifying about the contents of the records on hearsay, confrontation, and personal knowledge grounds. The trial court overruled the confrontation objection and granted a running objection on that issue, but sustained the hearsay objection for failure to lay a proper predicate.

The State then asked Vavrick questions to establish the business records exception to the hearsay rule. She testified that a probation record includes a person's conditions of probation and the documentation regarding the case. The entries are made into the probation department's computer system by probation department employees at the time of and with actual knowledge of the events, and these records are kept in the regular course of business. Finally, she testified the department relies on the records, and access to their contents is limited by security controls. The trial overruled appellant's hearsay and personal knowledge objections and granted running objections on those complaints as well.

In addition to other violations, Vavrick testified the notes showed appellant had not reported from November 2014 through all of 2015. Vavrick testified appellant's probation supervision was transferred to Collin County and, at some point, he told his Collin County probation officer he was moving to Denton County; appellant was instructed to inform Dallas

County that he was moving, but he failed to do so; a letter, giving him reporting instructions, was mailed to his last known address; and appellant failed to report during the year 2015.

On cross-examination, Vavrick testified to much of the same information, including that appellant began reporting in Collin County in June 2014 and the last progress report from that county was October 29, 2014; in November, Dallas County received a letter from Collin County stating they were closing appellant's case because he had moved to Denton County; the letter provided the address and phone numbers given by appellant; after receiving the closure letter, Juan Mendoza, a transfer officer with the Dallas County probation department, attempted to contact appellant by phone; and Dallas County then sent appellant a letter dated December 17, 2014 instructing him to report on December 30, 2014. Additionally, Vavrick testified that appellant was told by his Collin County probation officer that he needed to contact Dallas County about the transfer to Denton, although she did not know exactly what he was told.

At the conclusion of Vavrick's testimony, the trial court found the failure to report allegation true, granted the State's motion, and found appellant guilty. Before assessing punishment, the trial court heard testimony from appellant, his wife, his mother's best friend, and two Dallas County probation officers involved in appellant's case. The testimony generally related to appellant's efforts to follow his probation conditions and, in particular, to contact Mendoza after he moved from Collin County.

In his first issue, appellant contends the trial court violated his Sixth Amendment right to confrontation as set out in *Crawford v. Washington*, 541 U.S. 36 (2004), by allowing Vavrick to testify to the contents of appellant's probation record.

The Confrontation Clause of the Sixth Amendment to the United States Constitution provides "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." U.S. CONST. Amend. VI. In *Crawford*, the Supreme Court

held the admission of a hearsay statement made by a non-testifying declarant violates the Sixth Amendment if the statement was testimonial and the defendant did not have a prior opportunity to cross-examine the witness. *Crawford*, 541 U.S. at 68; *Wall v. State*, 184 S.W.3d 730, 734 (Tex. Crim. App. 2006).

In a line of unpublished cases, beginning with *Gutierrez v. State*, No. 05-11-01380-CR, 2013 WL 3533549, at *1 (Tex. App.—Dallas July 12, 2013, pet. ref'd) (mem. op., not designated for publication), this Court has previously concluded that the right to confrontation under the Sixth Amendment does not apply during revocation proceedings. *See Preston v. State*, No. 05-14-01131-CR, 2015 WL 4241406, at *2 (Tex. App.—Dallas July 14, 2015, no pet.) (mem. op., not designated for publication); *Riley v. State*, No. 05-13-00900-CR, 2014 WL 1856845, at*3 (Tex. App.—Dallas May 8, 2014, pet. ref'd) (mem. op., not designated for publication).

As we said in *Gutierrez*, the Confrontation Clause, by its own terms, applies only to criminal prosecutions, and a probation revocation is not a stage of "criminal prosecutions." *See Gutierrez*, 2013 WL 3533549, at *1 (citing *Wisser v. State*, 350 S.W.3d 161, 164 (Tex. App.—San Antonio 2011, no pet.); *Trevino v. State*, 218 S.W.3d 234, 239 (Tex. App.—Houston [14th Dist. 2007, no pet.); *Smart v. State*, 153 S.W.3d 118, 121 (Tex. App.—Beaumont 2004, pet. ref'd)). This is true whether revocation follows "regular" probation or deferred adjudication probation. *Id*.

Appellant asserts the underlying rationale of these opinions has been undermined by *Ex parte Doan*, 369 S.W.3d 205, 212 (Tex. Crim. App. 2012), which held community supervision revocation hearings are judicial proceedings subject to the rules governing judicial proceedings and not, as prior cases held, merely administrative proceedings. From this, appellant seems to suggest that because probation revocation proceedings are judicial proceedings, they must

likewise be "criminal prosecutions" as contemplated by the Sixth Amendment. But *Doan* made no such pronouncement.

In *Doan*, the court considered whether double jeopardy precluded the State from prosecuting a defendant for an offense in one county when the offense was used as the basis for a motion to revoke probation denied by a trial court in another county. *Doan*, 369 S.W.3d at 206. As part of its analysis, the court reviewed prior case law regarding the nature of revocation hearings and ultimately disavowed prior cases characterizing such hearings as administrative. In reaching its conclusion, the court noted there are "few procedural differences between a Texas criminal trial and a Texas community-supervision revocation proceeding," but the court did not go so far as to say a revocation proceeding is a criminal prosecution. *Id.* at 210. More importantly, the court did not state, nor even address, whether such a proceeding is a "criminal prosecution" under the Sixth Amendment. Rather, the court reversed the appellate court after determining "as a matter of state law, a prosecuting authority who alleges a criminal offense in a community supervision revocation hearing represents the same interests as a prosecuting authority who later alleges the same criminal offense in a trial" and the court of appeals "erred in holding that two prosecuting authorities could not be the same party for res judicata purposes." *Id.* at 212–13.

Because we have previously concluded deferred adjudication revocation proceedings are not a phase of criminal prosecution under the Sixth Amendment, we conclude the trial court did not err in overruling appellant's objection and admitting Vavrick's testimony.[1] We overrule the first issue.

---

[1] This conclusion should not be read to mean a defendant has no rights to confrontation in a revocation proceeding; a defendant does have certain rights of cross-examination under the Due Process Clause of the Fourteenth Amendment. *See Gutierrez*, 2013 WL 3533549, at *3 n.1 (citing *Black v. Romano*, 471 U.S. 606, 612 (1985)); *see e.g. Leonard v. State*, 385 S.W.3d 570, 577 (Tex. Crim. App. 2012) ("Revocation involves the loss of liberty and therefore implicates due process."). Appellant, however, has not brought a due process complaint.

In his second issue, appellant contends the evidence is insufficient to support the trial court's finding he violated the conditions of his community supervision.

The decision to proceed to an adjudication of guilt and revoke deferred adjudication community supervision is reviewable in the same manner as a revocation of ordinary community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2016). We review an order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cantu v. State*, 339 S.W.3d 688, 691 (Tex. App.—Fort Worth 2011, no pet.). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). Proof by a preponderance of the evidence of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *Cantu*, 339 S.W.3d at 691–92.

The State's motion to revoke alleged he violated seven grounds: (d) failure to report to the community supervision office for the months of November 2014, December 2014, and January 2015; (h) failure to pay court costs; (j) failure to pay community supervision fees; (m) failure to complete community service hours; (q) failure to complete Thinking for Change; (t) failure to pay restitution; and (w) failure to complete IOP.

At the conclusion of the testimony on the revocation/adjudication portion of the hearing, the State withdrew allegation (q), Thinking for Change, and argued the evidence, at the "very minimum," supported a true finding to failure to report. The trial court then found "Allegation B to be true" and granted the State's motion and found appellant guilty as charged.

Appellant argues the State's motion did not allege a violation of condition (b) and there is no evidence to show he violated condition (b); thus, he contends the trial court abused its discretion in revoking his community supervision.

We acknowledge the reporter's record shows the trial judge found condition "(b)" true. But, later, while hearing punishment evidence, the trial judge specifically stated he had "found true the violations in November 2014, December of 2014 and January of 2015, the nonreporting." Whether the conflict in the record is due to a mistake by the court reporter in reporting "b" instead of "d" or is due to the trial court "misspeaking," reversal is not required. Considering the record as a whole, it is clear the parties and the court understood appellant had been revoked for nonreporting, which was consistent with allegation (d) in the State's motion, the evidence presented, and the State's closing argument. We overrule the second issue.

Finally, although neither party has raised the issue, our review of the record reveals an error in the judgment. The judgment states appellant pleaded true to the allegations in the State's motion to adjudicate, but the reporter's record shows appellant pleaded not true to the allegations. We have authority to correct a judgment below to make the record "speak the truth" when we have the necessary data and information to do so. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we modify the judgment to reflect appellant pleaded not true to the allegations in the motion to adjudicate.

We affirm the trial court's judgment as modified.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
160338F.U05

–7–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

RONDRAE TRAMAINE ROBERTS,
Appellant

No. 05-16-00338-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F-1370469-H.
Opinion delivered by Justice Francis;
Justices Fillmore and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

To reflect appellant pleaded Not True to the Motion to Adjudicate.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered January 24, 2017.